**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO GARCIA SALINAS,<br>Petitioner,<br>v.<br>WARDEN RICOLCOL,<br>Respondent. | Case No. 2:25-cv-12025-AB (DFM)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in Federal Custody, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

Petitioner challenges a prison disciplinary sanction for the introduction of drugs/alcohol. (Dkt. No. 1 at 2.) The Report recommends the dismissal of the Petition as moot because the Bureau of Prisons ("BOP") vacated the disciplinary determination and ordered the matter to be reheard. (Dkt. No. 13.) Petitioner's objections to the Report do not merit a different result.

Petitioner objects to irregularities in his rehearing. (Dkt. No. 16 at 1-2.) For example, Petitioner allegedly was not provided documents in preparation for the

rehearing. (*Id*. at 1.) But the rehearing is not at issue in this action. "If, after the rehearing, Petitioner wishes to challenge the outcome of the same, he may re-file a habeas petition at that time after he attempts to exhaust his administrative remedies (or is able to demonstrate why exhaustion should be waived)." (Dkt. No. 13 at 6.)

Petitioner objects that the BOP vacated the disciplinary determination only after he filed this Petition (in December 2025). (Dkt. No. 16 at 2.) This is not relevant to the Report's analysis of mootness. Moreover, Petitioner's implication that the BOP unreasonably delayed its review is unfounded. The disciplinary sanction was imposed in August 2025 (Dkt. No. 2 at 24), and it was vacated by the BOP as of February 2026 (Dkt. No. 9-1 at 3).

Petitioner objects that the disciplinary process should not continue. (Dkt. No. 16 at 3.) As the Report found, however, "Petitioner has received the relief to which he would have been entitled had he prevailed on his petition, i.e., the disciplinary charge has been vacated and a rehearing of the incident report has been ordered." (Dkt. No. 13 at 5.)

It is ordered that (1) the Report and Recommendation is approved and accepted; and (2) Judgment will be entered dismissing this action without prejudice for lack of jurisdiction based on mootness.

DATED: July 31, 2026

HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE